UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHLEEN MAKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INDEX NEWSPAPERS, LLC D/B/A THE STRANGER; MJJKT Corp., D/B/A Licorous; and CAPTAIN BLACK'S LLC, D/B/A Captain Blacks, Washington State Corporations, Individually and on Behalf of All Similarly Situated Entities, and DOES 1 through 100, inclusive,<br><br>Defendant | No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

### CLASS ACTION COMPLAINT

Plaintiff Kathleen Maki ("Plaintiff"), for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief based upon, *inter alia*, investigation conducted by her attorneys:

### I. Introduction

1. Plaintiff brings this action on behalf of herself and all other similarly situated consumers who purchased gift certificates from Index Newspapers, LLC d/b/a The Stranger ("Index

CLASS ACTION COMPLAINT - Page 1 of 15

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

Newspapers") through its StrangerMart website.  StrangerMart brand gift certificates are sold and issued by Index Newspapers with expiration dates and other terms that violate federal and Washington law.

2. Defendant Index Newspapers owns and operates the StrangerMart website ("StrangerMart"), affiliated with and linked to TheStranger.com, its weekly newspaper's website.  The StrangerMart is a so-called "Daily Deal" website which touts itself as "[y]our home for HALF OFF gift certificates to Seattle restaurants, stores and services".

3. Defendant Index Newspapers sells these gift certificates online, and targets the Seattle Metropolitan area in the State of Washington for the sale of gift certificates.  On information and belief, these gift certificates invariably contain expiration dates of one year or less and other restrictive terms and conditions.

4. Defendant Index Newspapers partners with merchants in the Seattle area to promote their products and/or services, selling gift certificates at a 50% discount.  On information and belief, Defendant Index Newspapers shares the revenue derived from the sales of gift certificates with its partner merchants, including Defendant MJJKT Corp., D/B/A Licorous ("Licorous") and Defendant Captain Blacks, LLC, D/B/A Captain Blacks ("Captain Blacks") (Collectively with Index Newspapers, "Defendants").

5. The Electronic Fund Transfers Act (the "EFTA"), 15 U.S.C. § 1693 *et seq.*, as amended by the Credit Card Accountability Responsibility and Disclosure Act (the "CARD Act"), expressly prohibits the sale and issuance of gift certificates with expiration dates of less than five years.  Furthermore, the Washington State Gift Certificate statute, RCW 19.240, *et seq.*, expressly prohibits the sale or issuance of gift certificates with *any* expiration date whatsoever.

CLASS ACTION COMPLAINT - Page 2 of 15

CARNEY GILLESPIE ISITT PLLP

100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

6. The gift certificates sold by Defendant Index Newspapers fall squarely within the federal and Washington state definitions of "gift certificate", as defined in 15 U.S.C. § 1693(l)(1)-(m) and RCW 19.240.010(4), (5).

7. Defendants violate the CARD Act by issuing gift certificates which, on information and belief, invariably contain expiration dates of less than five years. Defendants further violate Washington law by inducing consumers to buy gift certificates intended for use in the State of Washington, while knowing that their gift certificates contain expiration dates, which are forbidden under RCW 19.240.020.

8. Defendants impose other restrictions on the use of its gift certificates which violate Washington State law as well. For example, Defendants states: "**no cash/credit back**" or similar language on the face of their gift certificates. These limitations are also clearly forbidden under RCW 19.240.020.

9. Defendants further attempt to confuse and mislead consumers by printing: "**State law requires merchant to redeem certificate for full voucher purchase prices following expiration date printed above**" or similar language on the face of their gift certificates. Such a statement falsely and misleadingly implies to the consumer that Washington law distinguishes between the amount paid for the gift certificate and the face value printed on the gift certificate itself. In fact, Washington law makes no such distinction. This is an "unfair or deceptive act or practice" that violates the Washington Consumer Protection Act, RCW 19.86 *et seq*. (the "CPA"). Washington Law requires the merchant to redeem certificate for the full face value of the certificate, not the full "voucher purchase price."

CLASS ACTION COMPLAINT - Page 3 of 15

CARNEY GILLESPIE ISITT PLLP

100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

10. Defendants' unfair and/or deceptive business practices violate the CPA in multiple ways, including their printing of unlawful expiration dates and other limitations on the face of the gift certificates, and by falsely informing customers that they are not entitled to retain surplus value or use the gift certificates in multiple transactions. Consumers are never informed that these restrictions are in direct violation of Washington law. On information and belief, many consumers choose to forego using their gift certificates when the gift certificate shows on its face that it has already expired. On information and belief, many consumers forego asking for a refund of any unused value of their gift certificate, based upon the statement on Defendants' gift certificates: "**no cash/credit back**". On information and belief, consumers forego the full value of their gift certificate, based on the statement on Defendants' gift certificates "**State law requires merchant to redeem certificate for full voucher purchase price following expiration date printed above**". Defendants further compound their unfair and/or deceptive practices by including a cover letter with their certificates, which states, in direct violation of RCW 19.240.090, that partner merchants will not be required to honor certificates if their businesses are sold or closed. The result of these unfair and deceptive practices is that consumers are often deceived out of redeeming their gift certificates, or deceived to believe that they must redeem them at a reduced rate.

11. Defendants engage in these unfair and deceptive practices in an effort to maximize the number of consumers who either never redeem their gift certificate because of the perceived expiration date (therefore losing the entire value of the gift certificate), and to maximize the number of consumers who never redeem their gift certificate for its full value. It is well known in the gift certificate industry that a significant source of the benefit for a business selling gift certificates is that a substantial number of consumer never redeem them. Defendants are seeking to maximize

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

this "margin" by misleadingly encouraging consumers to never redeem their gift certificates, or to redeem them for less than the full value to which they are entitled under law.

12. Plaintiff brings this action on behalf of herself and a Class of individuals seeking injunctive relief, damages, punitive damages, and reasonable costs and attorneys' fees for Defendants' violations of the CARD Act, the CPA, unjust enrichment, and such other and further relief as the Court deems equitable and just.

## II. Parties

1. **Plaintiff Kathleen Maki** is a resident of Seattle, Washington. Plaintiff purchased Index Newspapers gift certificates from Defendants within the last three years.

2. **Defendant Index Newspapers** is a Washington Limited Liability Corporation that does business throughout the State of Washington.

5. **Defendant Licorous** was a restaurant and bar located at 928 12th Avenue, Seattle, Washington 98122. Defendant Licorous marketed and sold gift certificates through StrangerMart. On information and belief, Defendant MJJKT, Corp. has ceased operating Licorous as of July 2011.

6. **Defendant Captain Blacks** is a restaurant and bar located at 129 Belmont Avenue East, Seattle, Washington 9810

7. **Defendants Does 1-100** are other merchants who have sold certificates through StrangerMart. Their identities will be determined through discovery.

## III. Facts of the Claim

1. Defendant Index Newspapers offers its services to consumers throughout the State of Washington.

CLASS ACTION COMPLAINT - Page 5 of 15

CARNEY GILLESPIE ISITT PLLP

100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

2.  Defendant Index Newspapers offers daily deals on gift certificates redeemable to a variety of different merchants.

3.  The consumer agrees to purchase the gift certificate for a specified price. The gift certificate is then issued to the consumer. On information and belief, these gift certificates contain unlawful expiration dates and the restriction that the entire value of the gift certificate must be used in one transaction. On information and belief, these gift certificates and accompanying documents also contain false and misleading statements regarding the laws of Washington State.

4.  The unlawful expiration dates and redemption conditions Defendant Index Newspapers imposes on its consumers results in unjust gains for Defendants to the detriment of the consumer.

5.  Plaintiff purchased from the StrangerMart gift certificates for goods and/or services from Defendants Licorous and Captain Blacks, both of which expired before she could use them. In the case of the Licorous gift certificate, Defendant Licorous also closed before Plaintiff could use the gift certificate, and before the certificate expired. Plaintiff never received any value for her purchased gift certificates.

### IV.  Jurisdiction and Venue

1.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the case raises questions of federal law. The Court has jurisdiction over the state claims pursuant to 28 U.S.C. § 1367. The Court has personal jurisdiction over the Defendants because they are citizens of this State, conducting business in the State of Washington, have minimum contacts with the State, and sufficiently avail themselves to the markets of this State through its promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c).

CLASS ACTION COMPLAINT - Page 6 of 15

CARNEY GILLESPIE ISITT PLLP

100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

### V. Class Allegations

1. Plaintiffs seek certification of a Class as defined below.

All persons who purchased or acquired a gift certificate from Defendant Index Newspapers with an expiration date of less than five years from the date of purchase, and/or with the restrictive redemption terms described herein relating to cash back and/or post-expiration redemption values.

Excluded from the Class are (i) any judge presiding over this action and members of their families; (ii) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (iii) persons who properly execute and file a timely request for exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons.

2. **Numerosity:** The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, Defendants have contracted with thousands of Class members throughout the State of Washington, making joinder of each individual member impracticable. Ultimately, the Class members will be easily identified through Defendants' records.

3. **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members.

These common questions include but are not limited to:

(a) Whether Defendants sold gift certificates to members of the Class containing an expiration date and other restrictions in violation of Washington and federal law;

(b) Whether Defendants' practices violate the CPA;

CLASS ACTION COMPLAINT - Page 7 of 15



CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

(c)     Whether Defendants' practices violate 15 U.S.C. § 1693;

(d)     Whether Defendants' practices violate the public policy of the State of Washington;

(e)     Whether Defendants were unjustly enriched as a result of receiving payments from Plaintiff and the Class; and

(f)     Whether Plaintiff and the Class are entitled to relief, and the nature of such relief.

4.     **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

5.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent to litigate this action. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

6.     **Appropriateness:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in

CLASS ACTION COMPLAINT - Page 8 of 15

CARNEY GILLESPIE ISITT
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

7. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

8. Plaintiff reserves the right to revise the Class definitions based upon information learned through discovery.

## VI.   Amount in Controversy

Plaintiff makes no specific allegations that the amount in controversy (including requests for attorneys' fees, injunctive and other relief) other than that Plaintiff expressly limits amount in controversy to less than $5,000,000.

## VII.   Claims

**Count 1: Declaratory Relief**

**(On behalf of Plaintiff and the Class Against all Defendants)**

1. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

2. There exists an actual controversy between Plaintiff and the Class on the one hand, and

CLASS ACTION COMPLAINT - Page 9 of 15

CARNEY GILLESPIE ISITT PLLP

100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

Defendants on the other, to the extent Defendants' sales and issuance of gift certificates are contrary to Washington law and public policy. Plaintiff and the Class have standing to pursue judgment against Defendants under RCW 7.24 *et seq.*

3. As explained *infra*, Defendants' agreements with Plaintiff and the Class violate the Washington Consumer Protection Act by, *inter alia*, selling gift certificates that purport to have expiration dates, unlawfully restricting redemption to a single transaction, and falsely informing consumers that they are only entitled to half of the value of their gift certificate after the unlawful expiration date.

4. Defendants' sales of gift certificates with expiration dates and redemption restrictions to Plaintiff and the Class are contrary to applicable Washington and federal law and are therefore void as against Washington public policy.

5. Plaintiff and the Class have tangible legal interests in the instant controversy, including but not limited to:

   (a) Their interest in receiving full value of the gift certificates they purchased from Defendants without regard to unlawful expiration dates and single-transaction redemption restrictions; and

   (b) Their interest in obtaining injunctive relief so that Defendants do not in the future employ deceptive practices or violate Washington and federal law in their business dealings with consumers.

6. Plaintiff and the Class seek injunctive relief prohibiting Defendants from refusing to honor gift certificates, and to prevent Defendants from continuing their unlawful, unfair and deceptive business practices as described in this Complaint.

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

**Count II: Violation of the Washington Consumer Protection Act**

**(On behalf of Plaintiff and Class members who are residents of the State of Washington, Against all Defendants)**

1. Plaintiff incorporates the foregoing allegations as fully set forth herein.

2. The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

3. Defendants engage in numerous unfair or deceptive practices in violation of the Consumer Protection Act, including but not limited to: (1) marketing and selling gift certificates that are subject to purported expiration dates which violate state and federal law, (2) marketing and selling gift certificates with purported explicit restrictions, such as those stating: "**no cash/credit back,**" which restrictions violate state law, (3) marketing and selling gift certificates with terms on the face of the gift certificate that falsely advise consumers that they are only entitled to half of the value of the gift certificate after the unlawful expiration date, and (4) sending cover letters along with their certificates falsely advising that change of ownership or cessation of operation discharges Defendants from their obligation to honor the certificates sold to consumers.

4. The result of these unfair and deceptive practices is that Plaintiff and members of the Class have been deprived of the full value of the gift certificates to which they are legally entitled under Washington law, and have either discarded gift certificates that they were deceived into believing had "expired," or have been deceived into either giving up some portion of the value of the gift certificate or accepting delivery of goods and/or services that they did not want for the sole purpose of receiving some approximation of full value of the gift certificate. Defendants' unfair and deceptive business practices have therefore caused economic harm to Plaintiff and the Class.

CLASS ACTION COMPLAINT - Page 11 of 15

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

**Count III: Violation of 15 U.S.C. § 1693**

**(On behalf of Plaintiff and the Class Against all Defendants)**

1. Plaintiff incorporates the foregoing allegations as fully set forth herein.

2. 15 U.S.C. § 1693 prohibits the sale or issuance of gift certificates subject to expiration dates, unless the expiration date is 5 years or greater and is conspicuously stated on the gift certificate.

3. Defendants have cooperated to sell gift certificates to Plaintiff and members of the Class that conspicuously state expiration dates of less than five years. These gift certificates clearly violate federal law.

4. The result of this illegal conduct is that Plaintiff and members of the Class have been deprived of the full value of the gift certificate to which they are legally entitled, and have discarded gift certificates that they were deceived into believing had "expired". Pursuant to 15 U.S.C. § 1693(m), such consumers are entitled to an award of actual and liquidated damages against Defendants.

**Count IV: Restitution/Unjust Enrichment**

**(On behalf of Plaintiff and the Class Against all Defendants)**

1. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

2. Defendants have knowingly received and retained benefits from Plaintiff and the Class under circumstances that would render it unjust to allow Defendants to retain such benefits.

3. Under principles of equity and good conscience, Defendants should not be permitted to retain the monies belonging to Plaintiff and the Class that they were paid in the form of payment for gift certificates and that Defendants unjustly received as a result of its misconduct alleged herein.

CLASS ACTION COMPLAINT - Page 12 of 15

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

As result of Defendants' unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was unlawfully charged and collected by Defendants, and are therefore entitled to reimbursement of any money unjustly paid to Defendants in connection with the sale of gift certificates.

**Count V: Breach of Contract**

**(On behalf of Plaintiff and the Class Against all Defendants)**

1. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

2. Plaintiff and members of the Class entered into contracts with Defendants for the sale of gift certificates.

3. Upon information and belief, at no time prior to or after purchase did Defendants require Plaintiff or Class members to "click" to signify their assent to an expiration date, illegal or otherwise.

4. Pursuant to RCW 19.240.110, the clause of the contract purporting to set out an "expiration date" is void as a matter of public policy and is unenforceable.

5. Defendants have failed to honor the contracts they entered into with Plaintiff and Class members by refusing to honor the contract after a certain date.

6. Defendants breached their duty of good faith and fair dealing by intentionally adding expiration dates that they knew or reasonably should have known were in violation of Washington State and Federal laws.

7. Plaintiff and the Class have complied with their obligations under their contracts with Defendants.

8. Defendants' contractual breaches have caused Plaintiff and the Class to suffer economic

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

and other damages.

## IX.  Prayer for Relief

WHEREFORE, Plaintiff, on her own behalf and on behalf of the Class, prays that the Court enter an order and judgment in their favor and against Defendants as follows:

(a) Certifying this case as a class action, and designating Plaintiff as Class Representative and her attorneys as Class Counsel;

(b) Declaring Defendants' conduct in the sale of gift certificates to Plaintiff and the Class to be illegal under State and Federal law, and granting injunctive relief as necessary to protect the Plaintiff and the Class and to prohibit the continuing conduct of Defendants' business in ways that violate State and Federal law;

(c) Awarding actual, compensatory, punitive, and liquidated damages to Plaintiff, and the Class in an amount to be proven at trial;

(d) For an order requiring Defendants to pay restitution for monies wrongfully acquired from the Plaintiff and the Class;

(e) Granting equitable and injunctive relief to Plaintiff and the Class, including restitution, disgorgement, and an accounting of all revenue gained by Defendants through their unlawful conduct alleged herein;

(f) Awarding Plaintiff and the Class reasonable costs and attorneys' fees;

(g) Awarding Plaintiff and the Class pre- and post-judgment interest;

(h) Issuing an order requiring Defendants to pay for a corrective notice campaign in order to address their improper, deceptive, and unlawful conduct;

(h) Granting such other and further relief as the Court deems equitable and just.

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

## X. DEMAND FOR JURY TRIAL

Plaintiff requests trial by a jury of all matters that can be so tried.

Dated this October 5, 2011.

Respectfully submitted,

CARNEY GILLESPIE ISITT PLLP

/sChristopher Carney
Christopher Carney, WSBA No. 30325
Sean Gillespie, WSBA No. 35365
Kenan Isitt, WSBA No. 35317
CARNEY GILLESPIE ISITT PLLP
Shaun Van Eyk, WSBA No. 41476
VAN EYK & MOORE, PLLC
Attorneys for Plaintiff

CLASS ACTION COMPLAINT - Page 15 of 15

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486